IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

v.

IRVIN C. ROTHENBERG,

Defendant.

:
:
:
:
:
:
:
:

I.D. No.  1612006969 WLW

Submitted:  July 12, 2017
Decided:  August 16, 2017

**ORDER**

Upon Defendant's Motion for Mistrial or New Trial.
*Denied.*
Upon Defendant's Motion to Suspend Sentence.
*Denied.*

Dennis Kelleher, Esquire of the Department of Justice, Dover, Delaware; attorney for the State of Delaware.

James M. Stiller, Jr., Esquire of Schwartz & Schwartz, Dover, Delaware; attorney for the Defendant.

WITHAM, R.J.

Before the Court are two motions filed by the Defendant and the State's responses in opposition. In his first motion, the Defendant asks this Court to grant a mistrial, or in the alternative, for a new trial as a result of the State's allegedly improper statement made during the State's opening statements. In the event the Court does not grant the Defendant's first motion, the Defendant asks this Court to suspend his sentence as a result of his numerous medical conditions. For the reasons set forth below, the Defendant's motions are DENIED.

## DISCUSSION

**A. The Defendant's Motion for a Mistrial or New Trial**

On June 14, 2017, a jury found the Defendant, Irvin C. Rothenberg, guilty of Driving Under the Influence of Alcohol and/or Drugs and Failure to Yield to a Vehicle or Pedestrians in a Intersection or Crosswalk.

The Defendant now objects to the State's allegedly improper statements made during the State's opening remarks to the jury. During opening argument, the Defendant contends, and the State admits, that the State divulged to the jury that evidence would show that an Intoxilyer Test administered to the Defendant indicated that the Defendant's blood alcohol content ("BAC") was .207% at the time the test was administered.

The Defendant contends that he did not object to the State's comment because (1) it was made during opening argument, (2) the Court had already instructed the jury that argument by the attorneys was not to be construed as evidence,[1] and (3) the

---

[1] The Court gives preliminary instructions to the jury as a part of its introduction to the trial.

Court had already denied the Defendant's motion to suppress the Intoxilyzer Test results.

The Intoxilyer Results, however, were not admitted into evidence because the Court determined that the test was administered improperly as a result of live testimony at trial. The Court issued a curative instruction prior to closing, directing the jury to disregard any evidence or statements related to the Intoxilyzer Test results.

Now, after the trial has concluded, the Defendant challenges the State's reference to the Intoxilyzer Test results during the State's opening argument. The Defendant acknowledges that the State had a "good faith" basis to believe that it would be able to introduce evidence of the results at trial. However, the Defendant contends that despite the State's "good faith" basis, the State's remarks were "highly improper and unfairly prejudicial to the Defendant." The State's remarks allegedly constituted a "bell that simply cannot be unrung with curative instruction." Thus, the Defendant requests this Court to grant a mistrial pursuant to Superior Court Criminal Rule 26.3 or , in the alternative, for the Court to grant a new trial pursuant to Rule 33.

As the trial has concluded, the Court will not address the Defendant's request for a mistrial. Furthermore, although the Defendant cites Rule 26.3, the Defendant's motion exclusively addresses the standard set forth for the Court to grant a new trial pursuant to Rule 33. Therefore, the Court will address only the motion for a new trial.

Under Superior Court Criminal Rule 33, upon a defendant's motion, the Court

3

may "grant a new trial to that defendant if required in the interest of justice."[2] A new trial is warranted "only if the error complained of resulted in actual prejudice or so infringed upon defendant's fundamental right to a fair trial as to raise a presumption of prejudice."[3]

The Defendant claims that the State should not have referenced the specific results of the Intoxilyzer Test during the State's opening statement. However, a prosecutor, in an opening statement, may allude to evidence that he or she intends to offer and believes in good faith will be admissible at trial.[4] Here, the State had a reasonable basis to believe the Intoxilyzer results would be admissible because the Court had already denied the Defendant's motion to suppress the results. Thus, the State could properly refer to the results in its opening to the jury.[5] A new trial is therefore not warranted in the interest of justice on this ground.

---

[2] Super. Ct. Crim. R. 33.

[3] *Hughs v. State*, 490 A.2d 1034, 1043 (Del. 1984); *see Starling v. State*, 882 A.2d 747, 755 (Del. 2005).

[4] *See Quill v. State*, 2014 WL 4536556, at *3 (Del. Sep. 12, 2014) (citing *Hughes v. State*, 437 A.2d 559, 567 (Del. 1981); *Davis v. State*, 2014 WL 3943100, at *2 (Del. Aug. 12, 2014).

[5] The Defendant urges this Court to consider factors set forth in *Hughes v. State*, to determine whether a new trial is warranted. *Hughes*, 437 A.2d 559 (Del. 1981). However, as the Delaware Supreme Court in *Baker v. State* explained, the first step under either "harmless error" or "plain error" review is to determine "whether prosecutorial misconduct occurred." *Baker v. State*, 906 A.2d 139, 149-50 (Del. 2006). If the Court determines that no misconduct occurred, the analysis ends. *Id.* Therefore, as the Court in this case has determined that prosecutorial misconduct did not occur, the Court's analysis must end.

## B. The Defendant's Motion to Suspend Sentence

In the Defendant's second motion he asks this Court to suspend the incarceration portion of any sentence imposed pursuant to 21 *Del C.* § 4177(d)(4), as a result of the Defendant's recent conviction.

Section 4177(d)(4) provides, in pertinent part, that an individual convicted for DUI shall:

> For a fourth offense ... be guilty of a class E felony, be fined not more than $7,000, and imprisoned not less than 2 years nor more than 5 years. ... [T]he first 6 months of the sentence shall not be suspended, but shall be served at Level V and shall not be subject to any early release, furlough or reduction of any kind. The sentencing court may suspend up to 18 months of any minimum sentence set forth in this paragraph provided, however, that any portion of a sentence suspended pursuant to this paragraph shall include participation in both a drug and alcohol abstinence program and drug and alcohol treatment program as set forth in paragraph (d)(9) of this section."[6]

Despite the strict language of 4177(d)(4) requiring a mandatory six-month period of incarceration, the Defendant begs the Court to consider his numerous medical conditions when deciding his sentence. According to exhibits attached to the Defendant's motion, he suffers from the following: anemia; benign essential hypertension; diabetes; alcoholic cirrhosis of the liver; aortic stenosis; severe degenerative joint disease; and eye conditions. These conditions allegedly require

---

[6] 21 *Del. C.* § 4177(d)(4).

frequent office visits.[7] Finally, the Defendant alleges that he requires extensive rehabilitation as the result of alcohol addiction. Therefore, the Defendant requests this Court suspend his mandatory sentence pursuant to 11 *Del. C.* § 4221.

11 *Del. C.* § 4221 provides, in relevant part, that

> a court may modify, defer, suspend or reduce a minimum or mandatory sentence of 1 year or less, or a portion thereof, where the court finds by clear and convincing evidence ... that the person to be sentenced suffers from a serious ... infirmity ... with continuing treatment needs which make incarceration inappropriate and that such person does not constitute a *substantial risk to the community*.[8]

Under the circumstances of this case, even if the Court determines that the Defendant's medical conditions make incarceration inappropriate, the Court must still deny the Defendant's request to suspend the mandatory sentence because his drinking and driving pose a "substantial risk to the community." The Court's decision is guided by its holding in *State v. Harrington*, where the Court determined that the defendant in that case posed a substantial risk to the community absent incarceration as a result of his drinking and driving.[9] In that case, the defendant was convicted of

---

[7] The Defendant has submitted a letter from a treating doctor from Delaware Podiatric Medicine, P.A. which indicates that the defendant requires diabetic foot care every two months with a visit to his office. In addition, a letter has been received from Delaware Eye Clinic stating that follow-up care will be required.

[8] 11 *Del. C.* § 4221 (emphasis added).

[9] *State v. Harrington*, 2017 WL 781573 (Del. Super. Feb. 28, 2017).

two separate third offenses for driving under the influence.[10] As the Defendant in this case has been convicted for an equally egregious fourth offense, the Court is compelled to hold as it did in *Harrington*. No evidence has been submitted to show that the Department of Correction could not insure that his medical needs will be met. Therefore, the Defendant's motion for suspension of his sentence is denied.

## CONCLUSION

Defendant's Motion for a Mistrial or New Trial is **DENIED**. Defendant's Motion to Suspend his Sentence is **DENIED**.

IT IS SO ORDERED.

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Dennis Kelleher, Esquire
      James M. Stiller, Jr., Esquire

---

[10] *Id.*